[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 30, 2004
THOMAS K. KAHN
CLERK**

_____

No. 03-12110
Non-Argument Calendar

_____

D. C. Docket No. 00-00833-CR-3-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE A. BERGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 30, 2004)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges

PER CURIAM:

Dwayne Berger appeals the district court's failure to appoint counsel for his

post-conviction, post-appeal Federal Rules of Criminal Procedure Rule 33

evidentiary hearing. Berger also alleges, for the first time on appeal, that the district judge should have recused herself. We AFFIRM the district court's decision not to appoint counsel and not to recuse.

## I. BACKGROUND

In a four-count indictment, Berger was charged with: (1) conspiring to commit a bank robbery with Marsarah Kelly and Akiba Rakilam, in violation of 18 U.S.C. § 1951; (2) aiding and abetting Kelly's bank robbery and assault with a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a), (d) and 2; (3) aiding and abetting Kelly in using a firearm during a robbery, in violation of 18 U.S.C. §§ 924(c)(ii) and 2; and (4) aiding and abetting Kelly and Rakilam with making false statements to a firearm dealer, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2. Following Berger's first jury trial, he was acquitted of Count 4, and the district court declared a mistrial as to Counts 1, 2, and 3.

At the second trial, Kelly testified that Berger was involved in planning and preparing for the bank robbery. Specifically, Kelly testified that: (1) Rakilam, Berger, and she discussed how to rob the bank, and it was decided that Berger would obtain a backpack to retrieve the money, she would commit the robbery, and the proceeds would be split evenly; (2) because Berger was unable to buy a gun without a Georgia driver's license, she purchased two guns, which Rakilam and

2

Berger identified for her at a pawn shop; (3) Berger informed her that she needed a demand note to rob the bank, and all three agreed on the best language for the note; (4) Berger recommended that she wear a button-down shirt as part of her disguise because it would be easier to remove and that she change in the MARTA station to be less noticeable; and (5) Berger agreed with Rakilam that Kelly should not mention their names if she got caught. Kelly further testified that, immediately after her arrest, she told law enforcement that nobody else was involved with the robbery because of what Rakilam and Berger told her. However, according to her testimony, she decided to tell the truth later in the day after neither Rakilam nor Berger would talk to her following her arrest. The jury found Berger guilty of the remaining three counts, and the district court sentenced him to concurrent 45-month prison terms for Counts 1 and 2, and an 84-month consecutive sentence for Count 3. On 22 July 2002, we affirmed Berger's conviction on direct appeal.

In February 2003, Berger, proceeding pro se, filed a Rule 33 motion for a new trial based on newly discovered evidence, namely, Kelly's post-trial affidavit recanting her trial testimony inculpating Berger. In the affidavit, Kelly swore that: (1) "contrary to earlier testimony, . . . Berger did not reach an agreement or come to an understanding" with her to rob a bank; (2) Berger did not aid or abet her with the robbery or with carrying a firearm during the bank robbery; and (3) the

3

government compelled her to make inculpatory statements in exchange for a reduced sentence. R2-154 at Aff. The government opposed this motion because Berger could not satisfy the elements for a new trial; however, the government noted that an evidentiary hearing was required and requested "that the Court appoint counsel for both defendant Berger and Ms. Kelly, if appropriate." R2-155 at 5.

At the evidentiary hearing,[1] upon the district court's inquiry into whether Berger wanted to make a statement, Berger stated: "No, I was wondering like what happened with counsel." Appellant's Br. at A-16. Berger went on to say that, while his motion did not request counsel, he received something from the district court that said counsel would be appointed. Id. at A-16 to A-17. The district court responded that, although it initially considered appointing counsel, it chose not to because "the issue here is very narrow, and it can be resolved by just taking some evidence." Id. at A-17. Berger replied that "that was just something I wanted to bring up," but he stated that he still wanted to "go ahead and bring the witness in." Id. Berger then indicated that he thought counsel would be appointed because the government in its response brief to his motion for a new trial requested that the district court appoint counsel for both him and Kelly if appropriate. Id. at A-18.

---

[1]The record does not contain a copy of the transcript of the Rule 33 evidentiary hearing; however, a copy is attached to Berger's Brief at pages A-15 to A-29.

The district court responded that it had considered counsel, but "it just did not seem necessary." Id.

On direct examination conducted by Berger at the evidentiary hearing, Kelly testified that: (1) she gave truthful testimony at Berger's trial, (2) she would use her Fifth Amendment right and not answer whether the affidavit that she submitted was true, (3) she submitted the affidavit because she was confused and alone, (4) she felt pressured by Berger to submit the affidavit, and (5) Berger asked her to help him. The district court then denied Berger's motion for a new trial because Kelly recanted the affidavit, which meant that there was "no newly discovered evidence that would warrant a new trial." Id. at A-28. The district court added that, although there was not a large quantity of evidence offered against Berger, there was nothing to indicate that the testimony offered at trial was false.

Berger timely appealed the district court's denial of his post-conviction, post-appeal Rule 33 motion for a new trial on the ground that he should have been appointed counsel. He also argues for the first time on appeal that the district judge erred by not recusing herself. We address each claim in turn.

## II. DISCUSSION

A.  Right to Counsel

We review a district court's decision not to appoint counsel for an abuse of discretion.  Van Poyck v. Singletary, 11 F.3d 146, 148 (11th Cir. 1994) (per curiam).

Under 18 U.S.C. § 3006A, an indigent defendant is entitled to have counseled representation when, inter alia, the Sixth Amendment requires or when the defendant "faces loss of liberty in a case, and Federal law requires the appointment of counsel."  18 U.S.C. § 3006A(a)(1)(H)-(I).  We have not addressed the specific question of whether a defendant has a Sixth Amendment right to counsel during a post-conviction, post-appeal Rule 33 motion.  However, we have noted that defendants have a Sixth Amendment right to counsel on direct appeal, but not when they collaterally attack their sentences.  Hill v. Jones, 81 F.3d 1015, 1024 (11th Cir. 1996).  A post-conviction, *pre*-appeal Rule 33 motion is considered part of a defendant's direct appeal, and the Sixth Amendment right to counsel attaches.  See, e.g., Kitchen v. United States, 227 F.3d 1014, 1019 (7th Cir. 2000) ("[I]t is wide of the mark to label a pre-appeal motion for a new trial as a 'collateral attack.'").  However, a post-conviction, *post*-appeal Rule 33 motion is considered a collateral challenge to which the Sixth Amendment right to counsel does not

attach. See Mayo v. Cockrell, 287 F.3d 336, 339 (5th Cir. 2002) ("Several federal courts of appeals have held that there is no constitutional right to counsel for post-appeal motions for new trial."), cert. denied, 537 U.S. 975, 123 S. Ct. 443 (2002); Trenkler v. United States, 268 F.3d 16, 20 (1st Cir. 2001) (noting post-conviction, post-appeal Rule 33 motions are collateral and that a criminal defendant has no Sixth Amendment right to an attorney in such a proceeding); Johnson v. United States, 246 F.3d 655, 658 (6th Cir. 2001) ("[A] delayed Rule 33 motion is a collateral challenge separate from the direct appeal."). Absent a Sixth Amendment right to counsel, at least two of our sister circuits have concluded that the decision of whether to appoint counsel for a defendant in a post-conviction, post-appeal Rule 33 motion is left to the discretion of the district court. See Trenkler, 268 F.3d at 20 ("After final conviction the appointment of counsel must rest in the discretion of the court.") (citation omitted); United States v. Birrell, 482 F.2d 890, 892 (2d Cir. 1973) (per curiam) ("Whether to make such an appointment rested in the discretion of the district judge."). We agree with our sister circuits and conclude that the decision of whether Berger should have received appointed counsel was left to the discretion of the district court.

Here, the district court, in its exercise of discretion, properly considered the complexity of the issue presented in Berger's motion as a factor relevant to his

7

need for counsel.[2]  The issue presented in Berger's Rule 33 motion was narrow—whether Kelly's post-trial affidavit undermined her trial testimony.  To decide Berger's motion, therefore, the district court needed to hear testimony only from Kelly.  Accordingly, the district court acted reasonably within its discretion in denying Berger appointed counsel in his post-conviction, post-appeal Rule 33 motion.

B.  Recusal

Berger argues that the district judge was biased against him because she refused to appoint him counsel at the Rule 33 evidentiary hearing but appointed an attorney for Kelly.

Ordinarily, we review a judge's decision not to recuse him or herself for an abuse of discretion.  United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999) (per curiam).  However, because Berger failed to seek recusal of the district judge in the proceedings below, we review his recusal request for plain error.  Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983).

---

[2]See generally Kitchen, 227 F.3d at 1018 (holding that counsel should have been appointed in the pre-appeal Rule 33 motion at issue because "[I]n a Rule 33 proceeding, a defendant 'must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding.  An unrepresented defendant . . . is unable to protect the vital interests at stake.") (citation omitted).

8

Plain error is error that is plain and that affects a defendant's substantial rights.  United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003).  No plain error occurred in this case.

Two statutes govern recusal—28 U.S.C. §§ 144 and 455.  Hamm, 708 F.2d at 651.  Under § 144, a party must file "a timely and sufficient affidavit" complaining of a trial judge's personal bias.  This statute is inapplicable to this case because Berger did not file an affidavit.  Section 455(a) instructs a federal judge to disqualify herself if her "impartiality might reasonably be questioned," and § 455(b) requires disqualification under specific circumstances, none of which apply in this appeal.

In deciding whether a district judge should recuse herself under § 455(a), we determine whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation omitted), cert. denied, __ U.S. __, 124 S. Ct. 1146 (2004).  To disqualify a judge under § 455(a), the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties."  Bailey, 175 F.3d at 968 (internal quotation marks omitted).  "[A]dverse rulings alone do not provide a

9

party with a basis for holding that the court's impartiality is in doubt." <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1103 (11th Cir. 2001).

We conclude that no plain error occurred as a result of the district judge failing to recuse herself. Berger's recusal argument has no merit under § 455(a) because Berger's only evidence of bias is the district court's adverse ruling denying him counsel, which is insufficient to form a basis for recusal.

### III. CONCLUSION

Berger alleged that the district court erred by refusing to appoint counsel in his post-conviction, post-appeal Rule 33 motion for a new trial and by failing to recuse herself. Berger had no federal right to the assistance of counsel in his Rule 33 motion. Thus, whether he should receive appointed counsel was left to the discretion of the district court. In this case, the district court did not abuse its discretion by considering the complexity of Berger's appeal and then refusing to grant appointed counsel. As for his recusal claim, we find that Berger failed to allege sufficient facts to support this claim. Accordingly, the judgment of the district court is **AFFIRMED.**