[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14379
Non-Argument Calendar

_____

D. C. Docket No. 04-00011-CR-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ESPINOZA-GUERRERO,
El Pollo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 8, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jesus Espinoza-Guerrero appeals his convictions and 52-month sentence for

conspiracy to defraud the United States by distributing counterfeit immigration

documents, in violation of 18 U.S.C. § 371; production of identification documents without lawful authority, in violation of 18 U.S.C. § 1028(a)(1), (2), (6); production of five or more identification documents of the U.S. without lawful authority, in violation of 18 U.S.C. § 1028(a)(1)-(3), (6); possession with intent to distribute methamphetamine, in violation of 21 U.S.C.§ 841(a)(1), (b)(1)(D); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C.§ 841(a)(1), (b)(1)(B)(viii), (b)(1)(D). On appeal, Espinoza-Guerrero argues that he was denied his Sixth Amendment right to counsel because the court failed to timely appoint new counsel following the jury's guilty verdict and failed to inform him of his responsibility to raise any claim of ineffective assistance of counsel within the seven-day period set forth in Rule 33 of the Federal Rules of Criminal Procedure. We affirm.

As Espinoza-Guerrero recognizes, because he raises his claims for the first time on appeal, we review them for only plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." Rodriguez, 398 F.3d at 1298 (quotations and internal marks omitted). "If all three conditions are met, an appellate court may then exercise its

2

discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

"Under 18 U.S.C. § 3006A, an indigent defendant is entitled to have counseled representation when, inter alia, the Sixth Amendment requires or when the defendant 'faces loss of liberty in a case, and Federal law requires the appointment of counsel.'" United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004) (citing18 U.S.C. § 3006A(a)(1)(H)-(I)). "A post-conviction, pre-appeal Rule 33 motion is considered part of a defendant's direct appeal, and the Sixth Amendment right to counsel attaches." Berger, 375 F.3d at 1226.

Rule 33 requires that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2); see also United States v. Campa, 459 F.3d 1121, 1154 (11th Cir. 2006). The Supreme Court has held that, generally, ineffective-assistance claims are best raised in a 28 U.S.C. § 2255 motion. Massaro v. United States, 538 U.S. 500, 504-08 (2003). The Court reasoned that the evidence introduced at trial primarily pertains to guilt or innocence, and, therefore, the record on direct appeal will not disclose many of the facts necessary to make a determination regarding the effectiveness of counsel. Id. at 505.

Here, the district court did not plainly err by failing to inform Espinoza-Guerrero of his rights under Rule 33 and not <u>sua sponte</u> appointing him new counsel within the seven-day time period set forth in Rule 33 so that he could attack his trial counsel in a Rule 33 motion, or even in direct appeal. When the district court was informed of Espinoza-Guerrero's dissatisfaction with his trial counsel, which was <u>after</u> the seven-day period had already expired, the district court immediately appointed a new attorney for purposes of pursuing Espinoza-Guerrero's direct-appeal rights. We also observe that Espinoza-Guerrero still is able to file ineffective-assistance-of-trial counsel claims by way of §2255 motion, which, in any event, is the preferred method for raising such claims. Accordingly, for the reasons stated above, we affirm Espinoza-Guerrero's convictions and 52-month sentence.

**AFFIRMED.**