[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12418
Non-Argument Calendar

_____

D. C. Docket No. 03-00226-CR-T-17MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS MCLAUGHLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 29, 2008)**

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Demetrius McLaughlin, proceeding pro se, appeals the district court's denial

of his motion for a new trial based on newly discovered evidence under Fed. R. Crim. P. 33 and his motion for an evidentiary hearing. On appeal, McLaughlin argues that the district court abused its discretion in denying his motion for a new trial because the prosecutor withheld exculpatory evidence and committed a violation under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). Specifically, McLaughlin claims that a full report by Detective Paul Thompson and aviation records show that Detective Thompson falsely testified and that officers had no reasonable suspicion to pull over his vehicle. McLaughlin also contends that the district court abused its discretion by not holding an evidentiary hearing on his motion for Fed. R. Crim. P. 16 discovery, filed in support of his motion for new trial, because he proffered sufficient evidence that would affect the outcome of his suppression hearing. After reviewing the record and the parties' briefs, we discern no reversible error and affirm.[1]

We review a district court's denial of a motion for a new trial based on newly discovered evidence or an alleged Brady violation for abuse of discretion. United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002). We also review a

---

[1] We also DENY McLaughlin's motion for appointment of counsel. McLaughlin has no Sixth Amendment right to counsel because he is collaterally attacking his post-conviction, post-appeal Fed. R. Crim. P. 33 motion for a new trial. United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004). Further, he has presented no meritorious arguments to our Court.

district court's decision concerning whether to hold an evidentiary hearing for abuse of discretion. United States v. Massey, 89 F.3d 1433, 1443 (11th Cir. 1996).

We first address McLaughlin's appeal of the denial of his motion for a new trial. Federal Rule of Criminal Procedure 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (quotation omitted).

> To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (quotation omitted). "Failure to meet any one of these elements will defeat a motion for a new trial." United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995).

In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith

3

or bad faith of the prosecution." 373 U.S. at 87. The Supreme Court has since held that the duty to disclose extends to impeachment, as well as exculpatory, evidence and is applicable even to evidence that an accused has not requested. Strickler v. Greene, 527 U.S. 263, 280 (1999). "A defendant who seeks a new trial based on an alleged Brady violation must show that, had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceeding would have been different." United States v. Fernandez, 136 F.3d 1434, 1438 (11th Cir. 1998). "Giglio error is a species of Brady error that occurs when the undisclosed evidence demonstrates that the prosecution's case included perjured testimony and that the prosecution knew, or should have known, of the perjury." Ventura v. Att'y Gen., Fla., 419 F.3d 1269, 1276-77 (11th Cir. 2005) (quotation omitted). "[U]nder Giglio, a failure to disclose evidence is material if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." Grossman v. McDonough, 466 F.3d 1325, 1342 n.14 (11th Cir. 2006), cert. denied, 127 S.Ct. 2430 (2007) (quotation omitted).

On this record, McLaughlin cannot show a reasonable probability or likelihood that the new evidence would have changed the outcome of the proceedings below. Specifically, Detective Thompson's testimony at the suppression hearing was consistent with his allegedly undisclosed full report -- in

both instances, Detective Thompson described reestablishing contact with McLaughlin's vehicle in the parking lot of a restaurant, observing the two individuals in the vehicle, observing the vehicle beginning to travel south, and contacting patrol cars to request a traffic stop.

Moreover, and in any event, Detective Robert Jeffrey testified that he saw the vehicle commit two traffic violations, which provided independent reasonable suspicion to pull over McLaughlin's vehicle. See Whren v. United States, 517 U.S. 806, 810 (1996) ("the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," regardless of an individual officer's actual motivations for stopping the vehicle). The new evidence McLaughlin submitted does not call into question the credibility of Jeffrey's testimony. Therefore, McLaughlin failed to establish that the new evidence probably would have changed the outcome of the suppression hearing or the trial, and the district court did not abuse its discretion in denying McLaughlin's motion for a new trial. See Fernandez, 136 F.3d at 1438; see also United States v. Aguiar, 610 F.2d 1296, 1305 (11th Cir. 1980) (holding the district court did not abuse its discretion in denying a new trial motion or in not holding an evidentiary hearing when there was "no significant inconsistency or discrepancy" between a

witness's testimony at a prior proceeding and his testimony at trial).[2]

McLaughlin's appeal from the denial of his Rule 16 motion for an evidentiary hearing is no more successful. As an initial matter, we note that Rule 16 pertains only to pretrial discovery, see Fed. R. Crim. P. 16, but nonetheless will construe his appeal as encompassing the denial of his motion for an evidentiary hearing on his motion for a new trial. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) ("[p]ro se filings . . . are entitled to liberal construction"). We nevertheless find no merit to his argument. The district court did not abuse its discretion in denying McLaughlin's motion for a new trial on the merits. Accordingly, we also hold that it did not abuse its discretion in denying his motion for an evidentiary hearing. See United States v. Slocum, 708 F.2d 587, 600 (11th Cir. 1983) (holding that, because we agreed with the decision to deny a motion for a new trial on the merits, the district court did not abuse its discretion in denying the motion without an evidentiary hearing).

**AFFIRMED.**

---

[2] To the extent that McLaughlin argues that officers' testimony at the suppression hearing was contradictory, this does not constitute newly discovered evidence because it existed at the time of McLaughlin's trial. See Jernigan, 341 F.3d at 1287. Nor does the aviation report support McLaughlin's claims -- the report gave no indication that Detective Thompson was on board the helicopter, thereby failing to contradict any of the officers' testimony, and therefore, was not material to any issues before the district court. See id.