[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11201
Non-Argument Calendar
_____

D. C. Docket Nos. 07-00092-CR-RWS-1,
08-00015 CR-RWS

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL DISCH,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 5, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Disch appeals his convictions for mailing threatening

communication, in violation of 18 U.S.C. § 876(c), and making false statements to an FBI agent, in violation of 18 U.S.C. § 1001. Disch argues that the district court judge was required to recuse himself sua sponte under 28 U.S.C. § 455(a) and § 455(b).

Ordinarily, we review a judge's decision not to recuse himself under § 455(a) and § 455(b) for an abuse of discretion. United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999); see also Parker v. Connors Steel Co., 855 F.2d 1510, 1527-28 (11th Cir. 1988) (holding that a § 455(b) violation is subject to harmless error review). However, when a defendant fails to seek recusal of the district court judge below, we review his recusal request for plain error. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004). The standard for plain error review is as follows:

> Under plain-error review, the defendant has the burden to show that there is (1) error (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003) (internal citations and quotation marks omitted). We have held that "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error

where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005).

Under § 455, "a judge is under an affirmative, self-enforcing obligation to recuse himself sua sponte whenever the proper grounds exist." United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989). Section 455(a) instructs a federal judge to disqualify himself if "his impartiality might be reasonably questioned," and § 455(b) requires disqualification when any of the specific circumstances set forth in that subsection exist, including when the judge "is a party to the proceeding," "has a personal bias," or "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(a), (b)(1), (b)(4), (b)(5)(i); United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003). A party may waive recusal under § 455(a), provided the waiver is preceded by a full disclosure on the record of the basis of disqualification. 28 U.S.C. § 455(e). A judge, however, shall not accept a party's waiver of recusal for any ground arising under § 455(b). Id.

Disch argues that the proper procedure for waiver was not followed in this case because there was not "a full disclosure on the record of the basis of disqualification." We disagree and hold that Disch expressly waived his right to

3

file a motion to have the district court judge removed and, therefore, cannot base his appeal on § 455(a). Disch agreed to consolidate the charges against him and proceed with sentencing in front of Judge Story. Judge Story considered whether he needed to recuse himself and determined that such action was unnecessary. Furthermore, Judge Story repeatedly explained to Disch that he had, and was waiving, the right to seek recusal because of the potential conflict based on the threatening letter Disch mailed to Judge Story's chambers. Disch properly waived any appeal under § 455(a).[1]

We also hold that Disch did not meet his burden of showing that the district court judge plainly erred by failing to disqualify himself under § 455(b). Disch argues that the judge was a victim in the proceeding and, therefore, (1) qualified as a "party to the proceeding" and (2) had a "financial interest" in the case because he was entitled to mandatory restitution under 18 U.S.C. § 3663(A). We disagree.

First, Disch did not offer any statute, rule or caselaw that has stated, and we have never held, that a crime victim automatically is to be considered a "party to the

---

[1]     The government also contends that Disch invited the error by joining with the government to consolidate both cases in front of Judge Story because of Disch's desire to "get things wrapped." Invited error is implicated when a party induces or invites the district court into making an error, and invited error typically precludes courts from reversing based on plain error. United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006). In addition to failing to demonstrate plain error, Disch clearly invited the error by agreeing to have the cases consolidated in front of Judge Story, failing to object or seek recusal, and voluntarily waiving the argument for recusal at the sentencing hearing.

proceeding" under § 455(b)(5)(i) or otherwise. Next, nothing on the record shows or even suggests that the judge suffered any physical harm or pecuniary loss, which is a requirement for restitution under § 3663(A)(c).

To the extent that a victim could be treated similarly to a party, it is not clear that the judge was a victim of the crime Disch was sentenced for because Disch pled guilty to making false statements to an FBI agent; he was not charged with making a threat to Judge Story. Furthermore, Disch has made similar threats to several judges, and it would make proceeding to sentencing nearly impossible if Disch could continue to get each new judge recused by making a new threat.[2] In other words, the circumstances here make it apparent that Disch's threats were motivated by a desire to cause recusal.

Disch failed to demonstrate that Judge Story's decision not to sua sponte recuse himself was a plain error, and Disch failed to demonstrate that any such error affected the fairness or integrity of the judicial proceeding. Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we affirm.

---

[2] It is also notable that Judge Story sentenced Disch in compliance with the plea agreement. Even if there had been error, the error would have likely been harmless. Disch presented no evidence of actual bias or that Judge Story treated Disch improperly because of the threat.

5

AFFIRMED.[3]

---

[3]     Appellant's request for oral argument is denied.