[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10933
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00010-CV-6

ALONZO MOREFIELD, JR.,

Plaintiff-Appellant,

versus

WARDEN HUGH A. SMITH, Individually and in
Official Capacity acting Under Color of State Law,
STEVE DUPREE, Unit Manager,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 9, 2010)

Before BARKETT , MARCUS  and ANDERSON , Circuit Judges.

PER CURIAM:

Alonzo Morefield, Jr., appeals the district court's grant of summary judgment to Georgia State Prison ("GSP") Warden Hugh Smith and Unit Manager Steve Dupree (collectively "defendants") in his *pro se* 42 U.S.C. § 1983 civil rights lawsuit, alleging that the defendants violated his First Amendment, due process, and equal protection rights while he was in administrative segregation. Morefield asserted that the defendants deprived him of his right to practice his religion while he was in administrative segregation, seized his legal documents in violation of his due process, violated his liberty interest by confining him in administrative segregation for four years, failed to give him proper notice and a hearing before assigning him to administrative segregation, and discriminated against him because of his race.

On appeal, Morefield argues that the district court erred in granting summary judgment in favor of the defendants as to: (1) his religious freedom claims because he exhausted administrative remedies; (2) his deprivation of property due process claims because the defendants confiscated of his legal property to harm his litigation and he did not have a post-deprivation state remedy; (3) his administrative segregation due process claims because his four-year confinement to administrative segregation implicated his liberty interest and he did not receive notice and hearing of his placement; and (4) his equal protection claims

because Smith and Dupree discriminated against him on the basis of race. He also contends that the magistrate judge erred in denying his multiple motions for an appointment of counsel for his proceedings below. We find no reversible error.

## I. Motion for Summary Judgement

### A.

Because Morefield admits that his religious grievance was pending at the time of the summary judgment, he did not exhaust his administrative remedies before filing his complaint in district court, and the court correctly dismissed his religious freedom claim without prejudice on that ground. *See* 42 U.S.C, § 1997e(a).

### B.

As to Morefield's substantive due process claim, first it is undisputed that Morefield had a history of stockpiling personal items in violation of SOP IIB06-0001, and thus, the confiscation of his legal property was not "arbitrary" if they were in excess of the amount or space allowed. Second, the deprivation of his legal property was not "conscious shocking" because a review of the record indicates that his legal materials were only confiscated on one occasion and Morefield had the opportunity to mail those materials out of the institution. While the record is unclear as to whether his legal documents were ultimately mailed out

or destroyed because Morefield did not have the money for postage yet attempted another mailing option, the fact that he had the opportunity to mail out his legal property shows that the deprivation of his legal property was not so egregious or "conscious shocking" as to constitute a substantive due process violation. Accordingly, because the deprivation of Morefield's legal property should not be "characterized as arbitrary, or conscience shocking, in a constitutional sense," the defendants did not violate Morefield's substantive Fourteenth Amendment due process rights. *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 128, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261 (1992).

As to Morefield's procedural due process claim, even assuming *arguendo* that the confiscation of Morefield's legal documents constituted a deprivation of his constitutionally protected property interests, Morefield had an adequate post-deprivation remedy under state law because he could pursue a tort action for conversion of his personal property. *See* O.C.G.A. § 51-10-1 (providing that the "owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies"). Therefore, the defendants' alleged actions could not constitute a procedural due process violation. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).

4

**C.**

Morefield also argues that his liberty interest was violated because his four-year administrative segregation confinement was prolonged and the conditions in administrative segregation were not similar to those in the general population. He further contends that his due process rights were violated because he was denied an administrative segregation hearing and memorandum.

While Morefield's four-year confinement in administrative segregation was lengthy, it did not tip the balance in favor of establishing a liberty interest when weighed against other factors in his case—the conditions of his confinement were generally equivalent to general prison population conditions and the length of his stay in administrative segregation did not extend the length of his sentence. *See Sandin*, 515 U.S. at 486, 115 S.Ct. at 2301. However, even assuming *arguendo* that he was able to establish a liberty interest, he received all the process he was due, as GSP gave Morefield notice, an opportunity for rebuttal at his initial hearing, and periodic reviews of his status every 30 days.

**D.**

Finally, Morefield cannot challenge as error the district court's dismissal of his equal protection claim because Morefield admitted his inability to pursue his equal protection claims and specifically stated that he abandoned this claim in his

objections to the magistrate judge's report and recommendation.

## II. Motion for Appointed Counsel in the Proceedings Below

We review the district court's decision of whether a party should have received appointed counsel for abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004). "[P]risoners raising civil rights claims, like other civil litigants, have no absolute constitutional right to counsel." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). The appointment of counsel in these cases is a "privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Id.* (alteration and quotations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Id*.

Morefield adequately presented the "essential merits" of his position to the district court without the assistance of counsel and has not established that his claims are "so novel or complex as to require the assistance of a trained practitioner," and thus, the district court did not abuse its discretion in denying his multiple motions for appointment of counsel to represent him before the district court. *See Kilgo,* 983 F.2d at 193.

## Conclusion

6

Upon review of the record and consideration of the parties' briefs, we affirm the grant of  summary judgment and the denial of the motion for appointed counsel for the proceedings below.

**AFFIRMED.**