[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12101
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:96-cr-00208-SLB-PWG-2


UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

CHARLES NATHAN HOLLAND,

Defendant–Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 29, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Nathan Holland appeals the revocation of his supervised release for two reasons. First, he contends that the district judge *sua sponte* should have recused herself from deciding whether his supervised release should be revoked. Second, he argues that the district court improperly sentenced him under a statute not in effect at the time of his offense. For the reasons that follow, we affirm.

I.

Holland was charged in 1997 with murder in furtherance of a continuing criminal enterprise and while engaged in a conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 848(e)(1)(A). In 1998, he entered into a plea agreement under which he admitted to an intentional killing but avoided the possibility of the death penalty. The district court sentenced Holland to 180 months' imprisonment followed by 5 years of supervised release.

In March 2011, after his supervised release began, Holland twice tested positive for amphetamine and methamphetamine. He admitted to his probation officer that he had been using methamphetamine, which violated the terms of his supervised release. Based on the probation officer's report, the district court held a hearing on whether Holland's supervised release should be revoked, at which Holland stipulated that he had used amphetamine and methamphetamine.

At Holland's revocation hearing, the district judge recalled that she had sentenced Holland in 1998. "It was a death penalty case where Mr. Holland was facing the death penalty for his involvement in a murder. He pled guilty and got 15 years, but it was a very violent crime, and he participated in it." Ultimately, the court sentenced Holland to 24-months' imprisonment and, "[i]n accordance with 18 U.S. Code, 3585(h) and Sentencing Commission policies 7B1.3(g)(2)," a new term of 3 years' supervised release.

## II.

Ordinarily, we review for abuse of discretion a district judge's decision not to recuse herself under 28 U.S.C. § 455(a). *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999). But, because Holland did not seek recusal in the proceedings before the district court, we review his contention that the district judge should have recused *sua sponte* only for plain error. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). "To find reversible error under the plain error standard, we must conclude that: (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights in that it was prejudicial and not harmless, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011).

3

A district judge has an affirmative obligation to recuse whenever proper grounds exist. *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989). When a district judge's decision not to recuse is challenged, we ask whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patt*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted).

Here, there was no error, plain or otherwise. The district judge simply (and accurately) stated the penalties outlined in the United States Code for the crime with which Holland was originally indicted. Because she presided over the initial criminal proceedings against Holland, the district judge would naturally have been familiar with that law. True, Holland avoided the possibility of the death penalty by his plea agreement, but that renders the district judge's statement that he was charged with a capital offense no less true. Thus, the sole basis for Holland's argument that the judge who sentenced him should have recused herself is that she should not have said aloud what she was duty-bound to know. But no reasonable observer would question the district judge's impartiality because of her knowledge of the law that applied in the original case or her accurate statement of it at the

4

revocation hearing. Thus, the district judge did not err in presiding over Holland's revocation proceedings.

III.

Holland also did not argue before the district court that the application of 18 U.S.C. § 3583(h) in imposing his sentence after revocation was erroneous. As stated previously, we will not reverse based upon an error that is asserted for the first time on appeal unless the error was plain. *Berger*, 375 F.3d at 1227.

As the government concedes, § 3583(h) did not exist at the time of Holland's offense conduct and the Supreme Court has expressly held that it is not retroactively applicable. *Johnson v. United States*, 529 U.S. 694, 702 (2000). Thus, the district court plainly erred in basing its sentencing decision on § 3583(h).

Plain error alone, however, does not dictate reversal; Holland must also demonstrate that the error affected his substantial rights. That means, as a general rule, that "[i]t must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). A defendant can not establish that an error affected his substantial rights where its effect is indeterminate or uncertain. *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

5

Holland has not carried his burden to demonstrate that the district court's erroneous reliance upon 18 U.S.C. § 3583(h) in fashioning his sentence was prejudicial because he cannot show any probability that the district court would have imposed a different sentence. *See United States v. Dacus*, 408 F.3d 686, 689 (11th Cir.2005) (holding that plain error review usually requires us to conclude that there is a reasonable probability of a different result). In the same case in which the Supreme Court held that § 3583(h) was not retroactively applicable, it also held that the provision § 3583(h) replaced, § 3583(e)(3) (1991), gave district courts the authority upon revocation of a defendant's supervised release to impose re-imprisonment followed by a further period of supervised release. *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003) (citing *Johnson*, 529 U.S. at 713). In other words, the provision that Holland contends the district court should have applied permitted the district court to impose the same sentence it actually imposed. And he has mounted no argument that it would not have exercised that identical authority in the same way if it had relied upon the correct statutory provision. The error was harmless.

**AFFIRMED**.