[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 18-10466; 18-11208; 18-11351
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00190-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN MAYER,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(January 15, 2019)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Stephen Mayer, proceeding *pro se*, appeals the district court's denial of numerous motions, including its denial of his motion for judicial recusal, his motion for a new trial and related motions to reconsider and to supplement, his motion requesting judicial notice, and his motion seeking clarification of any familial relationship between attorneys Amanda Riedel and Harvey Riedel.  After review, we affirm the district court.

## I.

First, Mayer contends the district judge erred in denying his motion for recusal because she evinced bias towards him during the proceedings below.  He asserts the district court made inappropriate statements regarding his right to a speedy trial and during the pleading stage and that those statements show bias.  He contends the district court, through bias against him, denied him his right to free speech, free association, to proceed *pro se*, to consult an attorney of his choosing, and his speedy trial rights.  He also argues the judge was biased because his sentence is substantively unreasonable.

We review a judge's decision not to recuse herself for abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).  Pursuant to statute, a judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned or where she has a personal bias or prejudice concerning a party.  28 U.S.C. § 455.  In deciding whether a judge should recuse herself, we

examine "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Berger*, 375 F.3d at 1227 (quotations omitted).  To disqualify a judge under § 455(a), the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Id*. (quotations omitted).  Further, "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Id*. (quotations omitted).

First, as to Mayer's claims regarding the court's alleged abuses of his rights to free speech, free association, and to consult an attorney of his choosing, each of these claims appears to stem from the court's refusal to allow Mayer to consult with outside counsel after he had already been appointed an attorney.  These claims are each without merit.  Mayer had no constitutional right to consult with those attorneys because he elected to have the court appoint counsel for him.  *See United States v. Garey*, 540 F.3d 1253, 1263-64 (11th Cir. 2008) (en banc) ("In practical terms, [] defendants who lack the means to hire a private attorney must either accept the counsel appointed to represent them or represent themselves.").  So long as Mayer continued to allow himself to be represented by court-appointed counsel, he was limited to the representation and advice of that counsel, at least as far as his criminal case was concerned.  *See United States v. Gonzalez-Lopez*, 548

3

U.S. 140, 144, 151 (2006) (explaining under the Sixth Amendment, defendants who do not require appointed counsel have the right to counsel of their choice, but the right does not extend to indigent criminal defendants who require appointed counsel).

As to Mayer's claim the court interfered with his right of self-representation, Mayer fails to indicate when he requested, either orally or in writing, that he wished to proceed *pro se* during trial. *See Stano v. Dugger*, 921 F.2d 1125, 1143 (11th Cir. 1991) (stating although the defendant need not "recite some talismanic formula," he must "state his request [to proceed *pro se*], either orally or in writing, unambiguously to the court so that no reasonable person can say that the request was not made"). Indeed, Mayer admitted on the record that he had elected to be represented by court-appointed counsel. This claim is also without merit.

Regarding Mayer's claim the court interfered with his right to a speedy trial, it is likewise unavailing. The record reflects the court outlined the advantages and disadvantages of waiving his speedy trial rights, and Mayer indicated he understood, and following a conversation with his attorney, agreed to waive his right to a speedy trial for an agreed-upon period of time.

As to Mayer's claim the district court made inappropriate remarks during the pleading stage that reflect a bias against him, he is incorrect. The statement Mayer refers to was made in the context of a conversation between the parties and the

4

district judge regarding various scheduling issues they were facing, during which the judge stated that, "maybe Ms. Mills, you can get your client to plead and then all our problems will be solved." This statement does not reflect any personal bias against Mayer, and, even if it did, Mayer has not shown how the comment reflected bias arising from "extrajudicial sources." 28 U.S.C. § 455, *Berger*, 375 F.3d at 1227. Moreover, Mayer's contention the court's numerous adverse rulings against him constitute evidence of bias is unsupported. *Berger*, 375 F.3d at 1227.

Finally, to the extent Mayer argues his sentence shows the judge was biased against him, he is likewise mistaken. The court noted the severity of Mayer's crime, which severely impacted a number of financial institutions and individuals over the course of several years, and the consequent need to protect the public and impose a just punishment. The court also noted Mayer's total lack of remorse in the face of clear wrongdoing. The court imposed a within-Guidelines sentence and declined to vary or depart upwards. As to the substantial difference between Mayer's sentence and that of one of his co-conspirators, the court noted the co-conspirator had pled guilty and assisted the Government in its prosecution. Consequently, Mayer has not presented any compelling evidence that would lead an "objective, disinterested, lay observer" to seriously question the court's impartiality, or to believe that any bias the court may have had arose from

extrajudicial sources. *Id.* The district court judge did not err in refusing to recuse herself.

II.

Second, Mayer argues the district court erred in denying his motion for a new trial because he produced new evidence proving GreenPoint Mortgage (GPM) was not FDIC-insured. He contends this evidence would have led to a different result had it been submitted to the jury. Rule 33 of the Federal Rules of Criminal Procedure provides that "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1).

It is within the sound discretion of the trial court to decide whether to grant a motion for new trial. *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). "A motion for a new trial must be viewed with great caution." *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir. 1989) (quotations omitted).

"To succeed on a motion for a new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." *United States v. Schlei*, 122

F.3d 944, 991 (11th Cir. 1997). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *Id*. (quotations omitted).

The Supreme Court has stated the "suppression of material evidence justifies a new trial irrespective of the good faith or bad faith of the prosecution." *Giglio v. United States*, 405 U.S. 150, 153 (1972). The Court also noted that it did not, "however, automatically require a new trial whenever a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict." *Id.* (quotations omitted).

Mayer cannot show his failure to collect his "new evidence" was not the result of a lack of due diligence, or that the evidence he seeks to introduce would produce a different result. *See Schlei*, 122 F.3d at 991. Mayer was tried and sentenced in 2015. The letter Mayer sought to introduce as new evidence proving that GPM was not FDIC-insured reflected information that would have been available in 2015. Mayer fails to explain how he could not have obtained this publicly available information before his conviction, and that alone is fatal to his motion for a new trial. *Id.* Additionally, none of Mayer's evidence regarding GPM's FDIC status would have produced a different result at trial. The record reflects the Government sought to prove only that GPM had lent the funds of its parent corporations, all of which were established to be FDIC-insured financial institutions at all times relevant to Mayer's crimes. Evidence proving that GPM

itself was not FDIC-insured in no way contradicted the Government's evidence, and could not have possibly affected the outcome of the trial. Moreover, Mayer does not point to anything in the record that suggests the Government attempted to suppress that evidence, whether it was material or not. *See Giglio*, 405 U.S. at 153. The district court did not err in refusing to grant Mayer's motion for a new trial or his subsequent, related motions.

## III.

Third, Mayer argues the district court erred in denying his motions for reconsideration and requesting judicial notice because the new evidence he sought to introduce was dispositive of a central issue at his trial. Courts may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1) and (2). An adjudicative fact is one that is relevant to a determination of the claims presented in a case. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004).

The district court did not abuse its discretion in denying Mayer's motions. As to his motion for judicial notice, Mayer has not shown how the evidence he wished the court to take notice of, which dealt with GPM's FDIC status, was relevant to the determination of any issue before the court. As discussed above,

8

GPM's FDIC status was irrelevant to the Government's case in light of the fact that GPM had lent funds belonging to several FDIC-insured financial institutions, meaning that Mayer's crimes had affected those institutions in violation of 18 U.S.C. § 1349. Accordingly, there was no need for the court to take judicial notice of any of Mayer's evidence.

As to Mayer's motion for reconsideration of his previously denied motion for a new trial and his related motion to supplement, the court did not abuse its discretion in denying them because each simply repeated the arguments Mayer had made in his initial motion for a new trial. For the same reasons the district court did not err in denying his motion for a new trial, the court also did not err in denying his subsequent motions for reconsideration.

### IV.

Finally, Mayer argues the district court erred in denying his motion requesting clarification regarding any familial relationship between the Government's attorney and an attorney named Harvey Riedel, because such a relationship would have indicated a conflict of interest relevant to his motion for a new trial. We conclude the district court did not err in denying Mayer's motion for clarification. This motion has no support in statute or precedent. Accordingly, we affirm each of the district court's denials.

**AFFIRMED.**