[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11693
Non-Argument Calendar
_____

D.C. Docket Nos. 6:17-cv-01498-JA-KRS; 6:14-cr-00033-JA-KRS

JONATHAN TYLER PRIVE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 8, 2019)

Before WILLIAM PRYOR, GRANT and ANDERSON, Circuit Judges.

PER CURIAM:

Jonathan Prive, a federal prisoner, appeals *pro se* the *sua sponte* dismissal of

his motion to vacate his sentence, 28 U.S.C. § 2255, and the denial of his motion

for recusal. The district court judge refused to recuse based on his participation in Prive's prior criminal proceedings, and he dismissed Prive's postconviction motion for failure to comply with a local rule that imposed page limitations, M.D. Fla. L. R. 3.01(a). We affirm the denial of Prive's motion to recuse. But because Prive's time for postconviction review expired while his motion to vacate was pending, we vacate the order that dismissed Prive's motion to vacate and remand for further proceedings.

We review both the denial of a motion for recusal, *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004), and the dismissal of a complaint based on the interpretation of a local rule, *Fils v. City of Aventura*, 647 F.3d 1272, 1282 (11th Cir. 2011), for abuse of discretion. "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (internal quotation marks and citation omitted).

The district judge did not abuse his discretion by denying Prive's motion to recuse. Recusal is warranted only if "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). The district judge presided over

2

Prive's guilty plea proceedings, but neither the judge's adverse rulings, *see Berger*, 375 F.3d at 1227, nor his familiarity with Prive's crime required recusal, *see Christo*, 223 F.3d at 1334. The district judge also was not required to recuse based either on his rejection of the parties' recommended sentence or his assessment of Prive's crime at sentencing. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Prive identified no evidence of impartiality or bias that required the district judge to recuse.

The district court abused its discretion when it dismissed Prive's motion to vacate. Although the district court stated that its dismissal was without prejudice, that ruling barred Prive from obtaining review of his sentence because the one-year period of limitation, 28 U.S.C. § 2255(f), expired while his motion was pending. Prive timely filed his motion to vacate on August 16, 2017, less than one year after expiration of the 90-day period to petition the United States Supreme Court for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003). But Prive's federal postconviction motion "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "did not toll the limitation period," *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), so its dismissal operated as a dismissal with prejudice, *see Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir. 1993). A dismissal with prejudice is a

3

drastic sanction, *id.*, that may be "imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K*, 432 F.3d at 1338 (internal quotation marks and citation omitted). The district court made no findings of a pattern of delay or willful contempt, so we must vacate its order dismissing Prive's motion to vacate and remand for further proceedings. We need not address Prive's argument that the dismissal of a motion for failure to comply with a local rule of procedure conflicts with the Rules Governing Section 2255 Proceedings and the Federal Rules of Civil Procedure.

We **AFFIRM** the denial of Prive's motion for recusal, but we **VACATE** the dismissal of his motion to vacate and **REMAND** for further proceedings.