[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14073

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GREGORY ATKINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:04-cr-60072-KAM-1

_____

Before JORDAN, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Gregory Atkinson, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 782 to the Sentencing Guidelines. Atkinson asserts the district court's finding his offense involved more than 450 kilograms of cocaine—making him ineligible for relief under Amendment 782—conflicts with the district court's finding at sentencing and this Court's finding. The Government responds by moving for summary affirmance, and in his response to the Government's motion, Atkinson moves for summary reversal. After review, we grant the Government's motion for summary affirmance and deny Atkinson's motion for summary reversal.

The Government is entitled to summary affirmance because its position is clearly correct as a matter of law. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). First, in Atkinson's direct appeal, we held the jury could have reasonably

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

found that Atkinson was responsible for at least 150 kilograms of cocaine, and a simple calculation showed the jury could have reasonably found that he was responsible for 912 kilograms of cocaine. That decision was binding on all subsequent proceedings. *See United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996) (stating the law-of-the-case doctrine explains "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal"). Likewise, the district court denied Atkinson's previous two motions for a sentence reduction under Amendment 782, finding the Amendment did not reduce Atkinson's Guidelines range because his conviction exceeded 450 kilograms of cocaine. Atkinson had the opportunity to appeal either of those findings and chose not to, so the law-of-the-case doctrine applies and precludes him from now arguing on appeal the district court erred when it found that his Guidelines range was not impacted by Amendment 782. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560-61 (11th Cir. 1997) (applying law-of-the-case doctrine in a § 3582(c)(2) appeal because the district court held the defendant accountable for 2,036 grams of cocaine at sentencing and the defendant had the opportunity to appeal that finding but chose not to). Therefore, the district court did not abuse its discretion when it denied Atkinson's motion for a sentence reduction under § 3582(c)(2), and the Government's position is clearly correct as a matter of law. *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017) (reviewing for abuse of discretion the district court's decision to grant

or deny a sentence reduction under § 3582(c)(2)); *Groendyke Transp., Inc.*, 406 F.2d at 1162.

Therefore, we GRANT the government's motion for summary affirmance and DENY Atkinson's motion for summary reversal.[2]

**AFFIRMED.**

---

[2] To the extent Atkinson argues the district court judge should have recused himself, he failed to raise the issue of recusal in the district court, and he cannot establish plain error on appeal. *See United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (stating when the party seeking recusal failed to request recusal in the district court, we review for plain error). Atkinson argues only that the district court judge should recuse himself because he denied Atkinson's motions for a sentence reduction three times, but an adverse judicial ruling is not a valid basis for establishing judicial bias or partiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").