**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13440

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANA CALLEY,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00204-RBD-RMN-1

————————————

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Dana Calley appeals his convictions for possession of a firearm and ammunition by a convicted felon and possession of fire-

arms (silencers) not registered in the National Firearms Registration and Transfer Record, challenging the district court's denial of his motion to disqualify the presiding district court judge. After review,[1] we affirm.

Under 28 U.S.C. § 455(a), a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Thus, the standard of review for a § 455(a) motion is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation marks omitted). Generally, a disqualification for bias under § 455 "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (quotation marks omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (quotation marks omitted). A judge's predisposition, despite "spring[ing] from the facts adduced or the events occurring at trial," may be considered pervasive bias where the predisposition "is so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994).

---

[1] We review a district judge's decision not to recuse himself for an abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).

"[J]udicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge" unless these remarks "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* at 555. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger," do not establish bias or impartiality. *Id.* at 555–56. Nor do "[a] judge's ordinary efforts at courtroom administration[,] even a stern and short-tempered judge's ordinary efforts at courtroom administration." *Id.* at 556.

The district judge did not abuse his discretion by denying Calley's recusal motion. Calley does not allege bias from an extra-judicial source and has not identified any facts demonstrating "pervasive bias" because nothing in the record suggests the district judge held a predisposition "so extreme as to display clear inability to render fair judgment." *See id.* at 551. Nor does the record reflect facts that would lead to "significant doubt about the judge's impartiality." *See Patti*, 337 F.3d at 1321.

Calley did not demonstrate that the district judge's statements at the April 11 status conference reflected a "pre-judgment" of Calley's potential suppression motion, which was never filed, or "shut[] down any possibility of a motion to suppress evidence based on lab reports." Rather, the record supports that the "ship sailed" remark referred to the court's decision to deny Calley's request for a fourth extension of time to file pretrial motions. Calley failed to demonstrate how this remark or any others indicated a

predisposition that "is so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551.

Similarly, the record does not support Calley's argument that the district judge's use of air quotes reflected a "pre-judging" of the merits of Calley's argument regarding whether items recovered by the Government were indeed silencers or constituted conduct so extreme as to preclude the appearance of an ability to render fair judgment. Indeed, Calley emphasized the alleged nature of the silencers before the court did. As such, Calley has failed to identify any part of the record that would raise a significant doubt about the district judge's impartiality to an objective observer. *See Patti*, 337 F.3d at 1321.

**AFFIRMED.**