[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT
_____

No. 12-12633
Non-Argument Calendar
_____

D.C. Docket No. 2:04-cr-00176-SLB-JEO-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL LAFFITE DUMONDE,
a.k.a. Daniel Laffite Dumonde,
a.k.a. Paul Moore,
a.k.a. Danny,
a.k.a. Daniel Spencer,
a.k.a. Daniel Pruitt Spencer,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 14, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Daniel Laffite Dumonde, a federal prisoner proceeding pro se, appeals his 24-month sentence, which is the statutory maximum and represents an upward variance of 12 months, following the revocation of his supervised release. He argues on appeal that: (1) his sentence is procedurally and substantively unreasonable; (2) the sentencing judge was biased against him; (3) the judge's decision to impose an upward variance the night before sentencing violates his due process and Sixth Amendment rights; and (4) the district court judge's reliance on criminal history to support the upward variance, without an enumeration of the specific offenses underlying that decision, violated Dumonde's Sixth Amendment rights. We find no merit in any of these contentions and affirm.

### 1.  Reasonableness of Sentence

Dumonde first argues that his sentence was procedurally and substantively unreasonable. He begins by submitting that the district court failed to adequately explain the reasons for the sentence imposed and erred by referencing his criminal history as a basis for an upward variance without spelling out exactly which criminal offenses supported the variance. He then argues that the 24-month sentence is substantively unreasonable because it is greater than necessary to give effect to the purposes of sentencing.

2

A sentence imposed upon revocation of supervised release is reviewed for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam).  Our reasonableness inquiry includes two distinct elements: we first determine whether a sentence is procedurally reasonable, and then turn our attention to whether the sentence is, on the whole, substantively reasonable.  *See United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam).  We review the reasonableness of the sentence imposed by the district court "under [the] deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

In reviewing the reasonableness of a sentence, we consider the factors enumerated in § 3553(a).  *United States v. Pugh*, 515 F.3d 1179, 1188 (11th Cir. 2008); *see* 18 U.S.C. § 3583(e) (providing that district court must consider the § 3553(a) sentencing factors when sentencing a defendant upon revocation of supervised release).  These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to deter criminal conduct; (4) the need to protect the public from further crimes of the defendant; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the United States Sentencing

Guideline (Guideline) range; (8) policy statements of the United States Sentencing Commission; (9) the need to avoid unintended sentencing disparities; and (10) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a). The party challenging a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in [§] 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

To be procedurally reasonable, the district court must properly calculate the Guideline range, treat the Guidelines as advisory rather than mandatory, consider all of the § 3553(a) factors, and adequately explain the sentence imposed. *See United States v. Chavez*, 584 F.3d 1354, 1364 n.13 (11th Cir. 2009). In explaining the sentence, the district court should set forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision, *United States v. Rita*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007), but "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, the district court's explanation suffices if it is clear from the explanation that the court considered a number of the relevant sentencing factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). If the district court varies from the Guideline range, it must offer a justification sufficient

4

to support the degree of the variance. *See United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc): *see also Gall*, 552 U.S. at 50, 128 S. Ct. at 597 (explaining that if the district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance").

We discern no procedural infirmity in Dumonde's sentencing.  In sentencing Dumonde, the district court explicitly referred to various § 3553(a) factors, explaining that the 24-month sentence was necessary to reflect the seriousness of Dumonde's offense, promote respect for the law, provide just punishment, and provide adequate deterrence to criminal conduct.  The sentencing court further emphasized that a variance above the Guideline range was "in particular . . . necessary to protect the public from further crimes of the defendant." This explanation satisfies us that the district court considered the parties' arguments and exercised its reasoned judgment in imposing Dumonde's 24-month sentence.[1]  *See Rita*, 551 U.S. at 356, 127 S. Ct. at 2468.

Dumonde also contends that his sentence was procedurally unreasonable because it was incumbent upon the district judge to specify exactly which parts of

---

[1]    Insofar as Dumonde's brief can be read to argue that the district court erred by failing to provide a written statement of reasons for the variance in accordance with § 3553(c)(2), any such error was harmless in light of the district court's thorough explanation of the reasons underlying its decision. *United States v. Suarez*, 939 F.2d 929, 934 (11th Cir. 1991) (explaining that "a review of the transcript of the sentencing proceedings and the [presentence investigation report] allows this Court to engage in the meaningful review envisioned by the Sentencing Guidelines").

5

Dumonde's lengthy criminal record formed the basis for the upward variance. The problem with this argument, of course, is that no rule of law supports it. Nothing requires the district court to parse through a defendant's criminal record to specify exactly which portions of that record form the basis for a given sentence. "It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). The district court did just that, and provided a compelling justification for the variance imposed. There was no procedural error.

Once we determine that a sentence is procedurally sound, we then examine whether the sentence is substantively reasonable in light of the totality of the circumstances, including the degree of any variance from the Guideline range. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. In determining whether a sentence is substantively reasonable, we engage in a "deferential" assessment of whether the sentence imposed is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). *Talley*, 431 F.3d at 788. "In our evaluation of a sentence for reasonableness, we recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* Thus, we will vacate

and remand for a new sentencing "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted); *see also Pugh*, 515 F.3d at 1194 (observing that "a sentence may be unreasonable if it is grounded solely on one factor, relies on impermissible factors, or ignores relevant factors").

Turning to the facts at hand, the district court found itself confronted with a defendant who possessed an extensive history of property crimes, including burglary, grand theft, acquiring an access card without consent, and making, uttering, and possessing a counterfeit security. Dumonde had also twice been convicted of using counterfeit checks to purchase diamond rings. The revocation of supervised release in this case stems from Dumonde's conviction for third-degree theft of property in Alabama, a crime which involved the use of another person's credit card without permission. Dumonde's history thus reveals that he not only presents a threat of recidivism, but is indeed a chronic perpetrator of larcenous property crimes. In other words, Dumonde is a thief. It should come as no surprise, then, that a thief might end up in prison. We think the district court was not only reasonable, but eminently so, in determining that an upward variance

7

was necessary to promote respect for the law, provide just punishment, deter Dumonde from further criminal activity, and protect the public from further crime.

## 2. Personal Bias

Dumonde summarily argues that the judge was biased against him because she indicated at his sentencing that he "needed" and "deserved" the maximum sentence. This argument fails. We construe Dumonde's argument as a claim that the district judge should have recused herself due to personal bias. Because Dumonde did not raise this issue below, we review it only for plain error. *See United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam). Dumonde points to nothing other than the fact of his sentence and the judge's explanation that he "needed" such a sentence—in other words, an adverse ruling—to support his position that the judge was biased. "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Id.* (internal quotation marks omitted). Accordingly, Dumonde has failed to show error—plain or otherwise—in the judge's failure to recuse herself from this case.

## 3. Due Process and Sixth Amendment Right to Counsel

Dumonde next argues that the district judge violated his due process and Sixth Amendment rights by deciding to impose an upward variance the night before his sentencing. This argument fares no better. Again, because he offers this argument for the first time on appeal, we review it only for plain error. *See United*

*States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).  A defendant facing revocation of supervised release is entitled to certain minimum due process rights, including an opportunity to be heard in person.  *See Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S. Ct. 2593, 2604 (1972) (establishing minimum due process rights at hearings for revocation of parole); *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994) (explaining that *Morrissey*'s protections extend to revocations of supervised release).  Dumonde had the opportunity to be heard in person, and was represented by counsel at the revocation proceeding.  Dumonde cites no caselaw—perhaps because there is none—for the proposition that the district court erred by reviewing his case the night before his sentencing.  And at sentencing, the court heard arguments from Dumonde's counsel and stated, "as I started looking at [Dumonde's] prior record, it was my decision at my thoughts last night *and still this morning* that a high end sentence was appropriate."

In other words, the record reveals that the sentencing judge formed an initial opinion concerning whether to impose an upward variance before the sentencing, gave Dumonde's counsel the opportunity to change that initial opinion at the sentencing, but ultimately maintained the opinion after hearing the parties' arguments.  We see no infirmity here.  A sentencing judge is not only permitted—but is in fact well advised—to review a defendant's record and to consider the facts of a given case in advance of sentencing.  Dumonde cannot show plain error in the

9

district judge's comment that she had decided to impose an upward variance the night before sentencing.

**4.  Failure to Specify the Specific Crimes Underlying the Variance**

Finally, Dumonde avers that the district court violated his Sixth Amendment right to be informed of the nature and cause of the accusation underlying the upward variance because the court cited his criminal history and "prior record," but failed to detail exactly which prior crimes it had in mind.  We cannot agree. Dumonde did not raise this issue below, and we therefore review it only for plain error.  *See Rodriguez*, 398 F.3d at 1298.  "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  *United States v. Fontenot*, 611 F.3d 734, 737 (11th Cir. 2010) (internal quotation marks omitted).  No rule of the Supreme Court or of this Court requires a sentencing to judge the state specifically which parts of a criminal defendant's lengthy criminal history form the basis for an upward variance based upon the defendant's prior criminal history.  Accordingly, this argument, as with all of Dumonde's arguments on appeal, must fail.

**AFFIRMED.**

10