[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10851
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00359-MW-CAS


STEVEN A. MCLEOD,

                                                    Plaintiff-Appellant,


versus


SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
CORIZON HEALTH INC.,
Private Medical Provider,
WARDEN,
HUDSON,
Assistant Warden of Operations-DOC,
DR. J. SHUBERT,
Regional Medical Director-Corizon, et al.,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 10, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Steven A. McLeod, a Florida state prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint, brought pursuant to 42 U.S.C. § 1983. On appeal, McLeod argues that the district court erred in dismissing his claims for failure to comply with a court order to amend his complaint and for failure to provide a complete statement of his prior litigation. He argues that he did not have to comply with the court order because his first amended complaint contained a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment to the U.S. Constitution. He also argues that it was impossible for him to provide a complete statement of his prior litigation because of a Florida prison regulation. In addition, McLeod argues that the district court erred in adopting the magistrate judge's order denying his motion to recuse the magistrate judge pursuant to 28 U.S.C. § 455(a).[1]

A district court's treatment of a magistrate judge's report and recommendation is reviewed for abuse of discretion. *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006). We also review a district court's denial of a motion for recusal for abuse of discretion. *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013). There are two types of recusal under 28 U.S.C. § 455. *Id.* Under

---

[1] McLeod also challenges the order denying his motion for a temporary restraining order. We do not address this challenge because we affirm the district court's dismissal of the case.

2

subsection (a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Scrushy*, 721 F.3d at 1303 (quotation omitted). The judge's bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (quotation omitted). An adverse ruling does not provide sufficient grounds for doubting a judge's impartiality. *Id.*

Section 455(b), on the other hand, requires recusal if a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Scrushy*, 721 F.3d at 1303 (citing 28 U.S.C. § 455(b)).

The district court did not abuse its discretion in adopting the magistrate judge's recommendation to deny the motion to recuse. The magistrate judge correctly concluded that McLeod may not rely on adverse rulings to show bias. *Berger*, 375 F.3d at 1227. McLeod does not provide any extrajudicial sources that show the magistrate judge was biased or that would give laypeople significant doubt about the judge's impartiality. Nor does he offer any facts showing such

3

"pervasive bias" that extrajudicial sources are unnecessary.  The magistrate judge's adverse rulings are not alone enough.  Accordingly, we affirm the order denying McLeod's motion to recuse the magistrate judge.

We review the dismissal of a complaint for failure to comply with an order of the court for abuse of discretion.  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 n.14 (11th Cir. 2009).  The district court has the inherent authority to manage its own docket to achieve "the orderly and expeditious disposition of cases."  *Id.* at 1240 (quotation omitted).  The district court does not have to "tolerate defiance of reasonable orders."  *Id.* at 1241.

The district court can dismiss a claim if the plaintiff fails to prosecute the claim or fails to comply with a court order.  *Id.* at 1240 (citing Fed. R. Civ. P. 41(b)).  When dismissing with prejudice, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotation omitted).  Mere negligence or confusion does not justify a finding of delay or willful misconduct.  *Id.*  The court's findings that lesser sanctions are inadequate may be implicit.  *Id.* at 484.

Although *pro se* pleadings are to be construed liberally, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113

4

(1993).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  The plaintiff must allege sufficient facts to make the claim "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To show that a prison official acted with deliberate indifference, the plaintiff must first demonstrate an objectively serious medical need.  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Melton v. Abston*, 841 F.3d 1207, 1221-22 (11th Cir. 2016) (quotation and citation omitted).

Once the plaintiff has shown serious medical need, he must then show that the official acted with deliberate indifference toward that serious medical need.  *Farrow*, 320 F.3d at 1243.  Deliberate indifference has three components: (1) the

prison official's subjective knowledge of a risk of serious harm; (2) the official's disregard of that risk; and (3) conduct that is more than mere negligence. *Melton*, 841 F.3d at 1223.

Deliberate indifference must be more than an inadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical malpractice. *See Estelle*, 429 U.S. at 105–06. Where an inmate receives medical treatment but desires different modes of treatment, the care provided does not amount to deliberate indifference. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). A difference in medical opinion does not establish deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Whether governmental actors should have employed "additional diagnostic techniques or forms of treatment" is a "classic example of a matter for medical judgment" and, therefore, is not an appropriate basis for liability under the Eighth Amendment. *See Estelle*, 429 U.S. at 107 (holding that whether to order an x-ray or additional diagnostic treatment is a matter for medical judgment).

Here, the district court did not abuse its discretion in dismissing the case because McLeod failed to comply with the reasonable order for him to amend his complaint and provide a full statement of his prior litigation. The magistrate judge's order to amend was reasonable because the first amended complaint had serious deficiencies, and McLeod did not comply with the pleading standards of

6

Fed. R. Civ. P. 8.  As to defendants Corizon Health, Inc., the Secretary of the Florida Department of Corrections, and the warden, McLeod alleged that those defendants were liable for the health care policies implemented by Corizon. McLeod vaguely referred to policies to provide inadequate medical care, to fail to supervise employees, and to make decisions based on profits.  He did not allege sufficient facts to show the plausible existence of these policies.  Assuming the policies existed, however, no allegations showed a direct connection between the policies and a resulting deliberate indifference to McLeod's medical needs.  *See Twombly*, 550 U.S. at 555 (holding that factual allegations "must be enough to raise a right to relief above the speculative level").

Similarly, McLeod failed to allege that the nurses acted with deliberate indifference to a serious medical need.  McLeod alleged that Nurse Linder saw him for treatment of his knee on the day of his injury and told him to find Ibuprofen tablets and to return to sick call if the knee did not improve.  These allegations fail to allege that Nurse Linder had subjective knowledge of a serious medical need and that she failed to provide treatment.  She provided treatment, and McLeod disagreed with it.  His disagreement with her course of treatment did not state a claim of deliberate indifference by her.  *See Estelle*, 429 U.S. at 107.

The analysis is the same with respect to defendant Nurses Davis, Johnson, and Pliskin.  McLeod's allegations against them show only a disagreement with

7

their medical opinions. They provided treatment for his knee, and his disagreement with their courses of action does not show that any of them had a subjective knowledge of a serious medical need and displayed a deliberate indifference to that need.

Moreover, it was reasonable for the court to require McLeod to provide a complete litigation history with his complaint. He argued to the district court that he could not provide the information because he could not keep documents or information from his inactive legal cases, pursuant to Fla. Admin. Code rule 33-602.201. But it appears that rule 33-602.201 allows McLeod to keep files from previous cases, provided he follows certain procedures. *See* Fla. Admin. Code Ann. r. 33-602.201(6)(c) (providing a procedure for storing and destroying "inactive legal material"). Even if he could not keep a complete file of his prior cases, however, that fails to excuse him of his obligation to try to provide the court with a complete litigation history. In any event, McLeod abandoned the issue concerning the order to provide litigation history by failing to address it on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

McLeod does not argue on appeal that the district court failed to make sufficient findings to dismiss the complaint for failure to follow a court order. Thus, he abandoned this issue. *See id.* Even if McLeod did not abandon the issue, the district court made the appropriate findings by adopting the magistrate judge's

order.  First, the magistrate judge held that McLeod failed to comply with the court order after receiving a warning.  Second, by recommending dismissal, the magistrate judge implicitly found that any lesser sanction would not serve the interests of justice.  *See Zocaras*, 465 F.3d at 484.  McLeod had expressed to the district court that he did not have to comply with the order to amend the complaint and provide his full litigation history.  Even on appeal, McLeod asserts he did not have to follow the court order because he filed a sufficient pleading.  It is therefore evident that no other court order could ensure McLeod's compliance.

As a result, the district court did not err when it dismissed McLeod's claims for failure to follow a court order.

Accordingly, we affirm the district court's dismissal.

**AFFIRMED.**