[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13212

Non-Argument Calendar

_____

CHERYL THOMAS-PACKER,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cv-02099-LCB

_____

Before WILSON, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Cheryl Thomas-Packer, proceeding *pro se*, appeals the district court's order dismissing with prejudice her two cases alleging retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by the Commissioner of the Social Security Administration (SSA). She argues on appeal that the district court abused its discretion in consolidating the two cases because they were dissimilar and unrelated. Thomas-Packer further contends that the district court erred in dismissing the cases with prejudice because none of the proper causes for such dismissal are present in the instant case. After careful review, we affirm.

## I.

Because we write for the parties and assume their familiarity with the record, we set out only what is necessary to explain our decision.

"[A] timely and properly filed notice of appeal is a mandatory prerequisite to appellate jurisdiction." *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1210 (11th Cir. 2019) (quotation marks omitted, alteration in original). A notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). However, the notice "encompasses all orders that . . . merge into the designated judgment or appealable order," and thus, it is not necessary to individually designate merged orders in the notice of appeal. Fed. R.

App. P. 3(c)(4). Notably, "[w]hen a district court enters a final judgment, all prior non-final orders and rulings which produced the judgment are merged into the judgment and subject to review on appeal." *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir. 1993) (internal quotation marks omitted).

We review a district court's ruling on whether consolidation is appropriate for an abuse of discretion. *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 760 (11th Cir. 1995). Under that standard, we will affirm unless we conclude that the district court has made a clear error of judgment or has applied an incorrect legal standard. *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1104 (11th Cir. 2005).

Federal Rule of Civil Procedure 42 provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; [or] (2) consolidate the actions." Fed. R. Civ. P. 42(a)(1)–(2). A district court's decision to consolidate is purely discretionary, but we have encouraged district courts to use Rule 42(a) to eliminate needless repetition and confusion. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). In exercising its discretion, the court must consider (1) whether the particular risks of prejudice and confusion are overborne by the risk of inconsistent judgments of common factual and legal issues; (2) the burden on parties, witnesses, and judicial resources posed by multiple lawsuits; (3) the length of time required to conclude

multiple suits compared to a single one; and (4) the relative expense of all concerned. *Id.*

Generally, due process requires notice and the opportunity to be heard. *See Grayden v. Rhodes*, 345 F.3d 1225, 1232, 1236 (11th Cir. 2003). Due process also ensures the presiding judge will be free from "actual bias." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016). And generally, when examining whether bias is present, "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam) (quotation marks omitted).

Here, as an initial matter, we have jurisdiction to review the consolidation order because it is a non-final order that merged into the final judgment. *Akin*, 991 F.2d at 1563. Thomas-Packer argues that that district court wrongfully consolidated her cases, illustrating the district court's bias against her, and does not offer further evidence suggesting bias. But this argument is unavailing—an adverse ruling alone does not suggest judicial bias. *Berger*, 375 F.3d at 1227.

Thomas-Packer also contends that the district court ignored her oral arguments against consolidation in violation of her right to due process. Federal Rule of Civil Procedure 42 does not require a hearing before consolidation. And as Thomas-Packer admits, she made her arguments orally, and the court invited her to submit them in writing to the court. As to notice, Thomas-Packer suggests that the court gave notice of its intention to consolidate her cases

during the telephone conference and, because the parties separately requested consolidation at different points in the proceedings, it cannot be said that Thomas-Packer was not on notice. Accordingly, Thomas-Packer was on notice and was afforded multiple opportunities to be heard on the matter; therefore, she was not denied due process of law on the consolidation issue. *See Grayden*, 345 F.3d at 1232, 1236.

The district court's consolidation of Thomas-Packer's cases was appropriate. Because both cases involved Title VII retaliation claims against the SSA for transfer requests, consolidation under Rule 42 was appropriate to eliminate unnecessary repetition and confusion. *See Hendrix*, 776 F.2d at 1495; Fed. R. Civ. P. 42(a). The consolidation also allowed the parties to address all issues raised together, which lessened the burden and expense on the parties, particularly on Thomas-Packer who was proceeding *pro se* in both cases. *See id.* Accordingly, the court did not abuse its discretion in consolidating the cases, and we affirm as to that issue.

## II.

We review a district court's dismissal for failure to comply with the rules of court for an abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Likewise, we review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Cano v. Baker*, 435 F.3d 1337, 1341–42 (11th Cir. 2006) (per curiam). "An appeal of a ruling on a Rule 60(b) motion, however, is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the

underlying judgment for review." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

A district court has inherent power to manage its docket. *Betty K Agencies, Ltd.*, 432 F.3d at 1337. A district court may also dismiss a case for the failure to prosecute or comply with a court order. *Id.* (citing Fed. R. Civ. P. 41(b)). A court may extend the time a party has to act for good cause if a motion is made after the time to act has passed because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The fact that a party is proceeding in a matter *pro se* does not excuse their failure to comply with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

A dismissal with prejudice is "an extreme sanction" that may only be imposed when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337–38 (quotation marks omitted). Consideration of lesser sanctions may be implicit or explicit. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Under Rule 60(b), "[o]n motion and just terms," the district court may relieve a party from an order for: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment being void; (5) satisfaction of the judgment; or (6) any other

reason justifying relief. Fed. R. Civ. P. 60(b). The moving party must show extraordinary circumstances so compelling that the court needed to vacate its order, and "[e]ven then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Cano*, 435 F.3d at 1342 (quotation marks omitted, omission in original).

Here, the district court did not abuse its discretion in denying Thomas-Packer's request for relief from the consolidation order under Rule 60, because she failed to show extraordinary circumstances warranting relief. *See Cano*, 435 F.3d at 1342. To the extent Thomas-Packer intends to argue that she is entitled to such relief on appeal, her argument is misplaced—a Rule 60(b) motion is not a proper avenue for relief on appellate review. *See Am. Bankers Ins. Co. of Fla.*, 198 F.3d at 1338. Thomas-Packer again argues that the dismissal of her cases with prejudice reflected the district court's bias against her. Her argument fails for the same reason noted previously: an adverse ruling does not alone show judicial bias. *Berger*, 375 F.3d at 1227.

The district court was entitled to dismiss Thomas-Packer's consolidated cases with prejudice for failure to comply with a court order because Thomas-Packer repeatedly ignored the court's orders, even after the court's explicit warning that the cases would be dismissed if she failed to comply. *Betty K Agencies*, 432 F.3d at 1337–38. Her continued non-compliance—while continuing to submit non-compliant filings to the district court—was a pattern of delay,

and the court did not abuse its discretion in dismissing Thomas-Packer's consolidated cases with prejudice.  *Moon*, 863 F.2d at 837.

### III.

We affirm the district court in all respects.

**AFFIRMED.**