**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 24-11886

Non-Argument Calendar

———————————————

CAROLYN WRIGHT,

*Plaintiff-Appellant,*

*versus*

CITY OF ATLANTA,

BLUE CROSS AND BLUE SHIELD OF GEORGIA,

BLUE CROSS BLUE SHIELD OF GEORGIA, INC.,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court

for the Northern District of Georgia

D.C. Docket No. 1:23-cv-00409-SCJ

———————————————

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Carolyn Wright, proceeding *pro se*, appeals the dismissal of her civil suit which brought claims under several statutes, including 42 U.S.C. § 1983 and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101, *et seq*.  On appeal, she argues that the district court judge erred by not recusing himself and by dismissing her case.  After careful review, we affirm.[1]

### A. Recusal.

We first address Wright's argument that the district court judge should have recused himself.  On appeal, Wright argues that the district court "misrepresented facts" in its orders, erred in ruling on her motion for a default judgment, and applied rules unequally against her and the appellees.  Based on these factual contentions, Wright argues the district court had "bias" against her and "was clearly in a rush to grant" dismissal to the appellees.  Wright also contends that the appellees engaged in misconduct by failing to serve her with various documents related to the case.

We generally review the issue of recusal for abuse of discretion.  *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).  That said, our review is arguably only for plain error because Wright did not seek the court's recusal until after judgment was entered against her and she appealed.  *See Jenkins v. Anton*, 922 F.3d 1257, 1272 (11th Cir. 2019) ("But because [the appellant] failed to seek recusal of the district judge in the proceedings below, we

---

[1] The parties are familiar with the factual and procedural history of this case, so we omit a lengthy recitation of the facts.  Instead, we focus our discussion on Wright's arguments on appeal.

review [her] recusal request for plain error."). Yet, even applying the more favorable abuse of discretion standard, Wright has not shown error.

Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455. *Berger*, 375 F.3d at 1227. Under the former, a judge must recuse himself when a party files a timely and sufficient affidavit explaining that the judge before whom the matter is pending has a personal bias or prejudice either against her or in favor of any adverse party. 28 U.S.C. § 144.

Section 455, on the other hand, designates two primary reasons that a judge must recuse himself. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). First, under § 455(a), a judge should recuse himself "when there is an appearance of impropriety." *Id.* The question of whether a judge should have recused himself under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). Second, § 455(b) lists several circumstances for when a judge should recuse himself, including, in relevant part, "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). For the purposes of this subsection, "a judge should recuse himself . . . when any of the specific circumstances set forth in that subsection exist, which show the fact of partiality." *Patti*, 337 F.3d at 1321.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, "bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" *Berger*, 375 F.3d at 1227 (quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)). "[A]ny doubts must be resolved in favor of recusal." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *Patti*, 337 F.3d at 1321). However, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.* (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)).

Under the circumstances, Wright has not shown that the district court abused its discretion because we have no "significant doubt about the judge's impartiality." *Patti*, 337 F.3d at 1321; *see also Parker*, 855 F.2d at 1524. Contrary to Wright's contentions, the district court applied applicable service rules evenhandedly against each party. Moreover, the district court did not deny Wright an opportunity to be heard on any issue; it explained the relevant rules and then ultimately dismissed her claims based on established pleading standards. Our review of the district court's rulings do not show bias that would justify recusal. In any event, Wright's arguments about recusal are solely about the district court's rulings in this case and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

24-11886                Opinion of the Court                    5

For these reasons, we reject Wright's arguments on this issue and affirm.[2]

### B. The District Court Properly Dismissed Wright's Claims.

Next, we address the dismissal of Wright's claims. As a general matter, we review a district court's dismissal for failure to state a claim *de novo*. *See Watts v. Joggers Run Prop. Owners Ass'n, Inc.*, 133 F.4th 1032, 1038–39 (11th Cir. 2025). In doing so, we take the allegations in the operative pleading as true and construe them in the light most favorable to the plaintiff. *Id.* Dismissal is appropriate only when a plaintiff fails to plead factual content sufficient to create a reasonable inference that the defendant is liable as a matter of law. *See id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Wright's filings present numerous legal theories, but the factual allegations underlying the suit are as follows.[3] The City of

_____

[2] We also do not discern any misconduct on the part of appellees. Even assuming the appellees failed, as Wright alleges, to follow applicable service rules, she has not shown error in the dismissal of her suit, so any error relating to service is harmless on these facts. *See Equal Emp't Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322–23 (11th Cir. 2019) (applying harmless error in the civil context). For the same reason, any error in the district court's denial of Wright's requests for a default judgment do not create reversible error because the underlying complaint failed to state a claim. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

[3] Wright filed two documents nearly simultaneously that were titled amended complaints. The district court construed these documents together as the operative complaint, and we adopt the same approach, given our policy of liberally construing the filings of *pro se* parties. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.

Atlanta ("the City") offered Wright a job as a court clerk.  Wright accepted the job and completed the onboarding process, which involved submitting an I-9 form and an employment eligibility verification form to the City.  About a month later, the City rescinded Wright's offer because it meant to hire another woman, also named Carolyn Wright, instead of Wright.  After her offer was rescinded, Wright noticed that her Blue Cross insurance account stated that she was a City employee and her personal identifying information had been merged with the data of the other Carolyn Wright and exposed to that third party.

Wright argued that these facts supported various causes of actions.  Most prominently, Wright brought a claim under § 1983 against the City of Atlanta based on the rescinded job offer.  She also brought ERISA claims against Blue Cross for negligence and breach of fiduciary duty, in which she argued that Blue Cross and the City had used her information to set up a healthcare account without authorization, which "merged" her information with the other individual named Carolyn Wright.  Third, she brought claims against Blue Cross for breaching her data, invading her privacy, and committing identity theft, and for allowing third parties to view her data without her consent, all in violation of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C.

-----

1998).  *See also Andrews v. United States*, 373 U.S. 334, 338 (1963) ("[A]djudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents." (citation omitted)).  As discussed above, we find no merit to any of Wright's claims, even after considering all the allegations together.

24-11886                Opinion of the Court                7

§§ 1320d, *et seq.*, and the Immigration Reform and Control Act of 1986 ("IRCA"), 26 U.S.C. § 7529.

Even though Wright makes some arguments on appeal about the dismissal of her claims, we conclude that she has abandoned any challenge to the district court's dismissal of her ERISA, IRCA, and HIPAA claims. A party can abandon an issue by failing to challenge it on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994). An issue can also be abandoned where it is presented in briefing only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (explaining that "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue"). Absent "exceptional" circumstances, we do not consider issues that have been abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004).

Construing Wright's initial brief on appeal liberally, her ERISA claim has been abandoned. The district court explained that ERISA provides a private cause of action "for individual plan beneficiaries to pursue 'appropriate equitable relief,'" but that Wright's healthcare plan was "exempt from ERISA's statutory scheme." *Wright v. Blue Cross & Blue Shield of Georgia*, No. 1:23-cv-00409, 2024 WL 2975757, at *4 (N.D. Ga. May 16, 2024) (quoting *Varity Corp. v. Howe*, 516 U.S. 486, 510 (1996)). In her brief, Wright does not challenge those conclusions, discuss ERISA, nor present any authority

suggesting that the district court's ruling was in error. *Sapuppo*, 739 F.3d at 681; *Singh*, 561 F.3d at 1278. Next, the district court found that Wright failed to state a claim under HIPAA because that statute does not provide a private cause of action. *Wright*, 2024 WL 2975757, at 4 n.4. Wright does not discuss HIPAA nor argue that it provides her a cause of action, abandoning any challenge to the district court's conclusion on this front as well. *Sapuppo*, 739 F.3d at 681; *Singh*, 561 F.3d at 1278.

On IRCA, the district court also concluded that, while Wright had cited the statute, her allegations were "insufficient to meet the federal pleading requirements." *Wright v. City of Atlanta*, No. 1:23-cv-00409, 2024 WL 6951601, at 5 n.4 (N.D. Ga. Apr. 16, 2024). Wright does not challenge this conclusion—nor cite IRCA at all—on appeal. Seeing no "exceptional" circumstances that would cause us to address these claims despite Wright's abandonment, we affirm. *Access Now*, 385 F.3d at 1332. The district court also concluded that Wright had attempted to raise a Section 1981 claim in her briefing but that the claim failed because she had not alleged that any of the defendants' behavior was based on race. *Wright*, 2024 WL 2975757, at *3. Wright does not argue this conclusion was error on appeal, so we affirm on this issue as well.[4]

---

[4] Wright raises several arguments in her reply brief which address claims which we have found abandoned. Yet, our precedent is clear that parties, even *pro se* parties, may not raise arguments for the first time in a reply brief. *See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). For that reason, we do not discuss these new arguments further.

In light of these conclusions, we turn to Wright's remaining claim, which was brought under 42 U.S.C. § 1983.[5]  Wright mentions this claim in her initial brief, and cites some relevant precedent on Section 1983, so we consider the issue at least arguably preserved.  However, like the district court, we conclude Wright's § 1983 claim fails to state a claim.

Section 1983 provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  While municipalities, like the City, qualify as "persons" under § 1983, they "cannot be held vicariously liable under § 1983 for constitutional violations

---

[5] There are two other types of claims we address briefly on the merits.  First, while Wright's brief suggests that the appellees violated 18 U.S.C. § 1028A, that statute is a criminal statute that does not provide a civil cause of action. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit.  They are criminal in nature and provide no civil remedies."); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210 (11th Cir. 1981) (*en banc*) (holding that decisions issued by the former Fifth Circuit prior to October 1, 1981, are binding upon this Court).  Second, the district court declined to exercise supplemental jurisdiction over Wright's claims which sounded in state law.  We see no abuse of discretion in that decision, *see Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738 (11th Cir. 2006) (laying out standard of review), given that the district court dismissed all of Wright's federal claims on the merits, *see Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (explaining that dismissals without prejudice are rarely abuses of discretion because parties can re-file their complaints).

committed by its officers." *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94 (1978)).  Instead, a plaintiff must show that a "City had a policy, custom, or practice" that caused the deprivation of her constitutional rights.  *Id.*

Even assuming that Wright has alleged a constitutional violation, we discern no error in the dismissal of Wright's § 1983 claim against the City.  Wright did not argue—nor plead facts that suggest—that the City had a "policy, custom, or practice" in place that led to her violation.  *See id.*  As the district court explained, Wright's complaint did not identify any City of Atlanta "custom or policy that suggests it regularly failed to properly verify information or otherwise handle its hiring process," nor that any City of Atlanta official acquiesced or adopted any decision relating to the facts in Wright's case.  *Wright*, 2024 WL 6951601, at *5; *see also Hoefling*, 811 F.3d at 1279.  While Wright did not have to identify the specific policymakers in her complaint, she "needed to . . . allege a policy, practice, or custom of the City" which led to the harm she suffered.  *Hoefling*, 811 F.3d at 1280.  Because her complaint failed to do so, we affirm.

For these reasons, we discern no reversible error in the district court's orders.  Accordingly, we affirm.

**AFFIRMED.**